UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLEN OTIS RUSHTON, JR. | CIVIL ACTION |
| VERSUS | NO. 21-1461 |
| TAYLOR-SEIDENBACH, INC., ET AL. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is defendant Huntington Ingalls's ("Avondale") *Consent Motion for Entry of Final Judgment Pursuant to Rule 54(b) Regarding Summary Judgments in Favor of Avondale* **(Rec. Doc. 130)**. Plaintiff does not object to the motion. Considering the motion, memorandum, and the applicable law, the Court finds that the motion for partial final judgment as to Avondale **(Rec. Doc. 130)** should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

This case arises from Glen Otis Rushton, Jr.'s claims of asbestos exposure. On or about April 19, 2021, Rushton was diagnosed with mesothelioma. Rushton alleges that, in addition to other occupational exposures, he was exposed to asbestos while working on vessels at Avondale Shipyard from 1973 to 1974. On July 7, 2021, he filed this suit in the 25th Judicial District Court for the Parish of Plaquemines, and on August 2, 2021, Avondale removed the case to this court. Rushton died on July 24, 2021, and on December 3, 2021, his surviving spouse and children filed a First Supplemental and Amended Petition for Damages asserting survival and wrongful death claims.

On December 22, 2022, Avondale filed two motions for summary judgment, and no parties opposed either motion. The first motion argued that there was no evidence that Rushton was exposed to asbestos at Avondale. (Rec. Doc. 121). The second motion asserted that Plaintiffs' claims are preempted by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901, *et seq*. (Rec. Doc. 126). On January 18, 2023, this Court granted Avondale's motions for summary judgment, finding that the motions had merit and dismissing Plaintiffs' claims against Avondale with prejudice. Avondale now moves for partial final judgment on that order under Federal Rule of Civil Procedure 54(b).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54. Rule 54(b) balances two policies: avoiding "piecemeal appeals" and the "danger of hardship or injustice through delay." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Thus, the court should consider "whether the claims under review were separable from others remaining to be adjudicated and whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp.*, USA, 860 F.2d 172, 175 (5th Cir.

1988) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)).

## DISCUSSION

In this case, the Court's Order granting Avondale's summary judgment motions dismissed all claims against Avondale with prejudice. Thus, the first requirement for certification is met: the Court disposed of one, but not every, party in a multi-party action.

Next, an immediate appeal determining whether Avondale should have been dismissed may outweigh the Court's interest in avoiding piecemeal appeals. No other parties raised the LHWCA preemption defense, so another appeal in this case will not involve the same issue. Additionally, considering the numerous cases in which the preemption issue has arisen and the likelihood it will arise in future cases, a delay in a potential appeal would prejudice Avondale by forcing it to relitigate the issue in the district courts. Finally, issuing a partial final judgment will allow a Fifth Circuit decision to finally resolve the LSHCA preemption question for the numerous district courts facing this same issue. (Rec. Doc. 130-1, at 8) (noting three sections of this Court with pending motions for summary judgment on the LHWCA preemption issue and six other cases in Louisiana District Courts where the issue is expected to arise). Thus, a partial final judgment will serve the interest of judicial economy, and the Court finds that there is no just reason for delay in entering a partial final judgment in favor of Avondale.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that the motion is **GRANTED**. The Court directs entry of a final judgment in favor of Avondale.

New Orleans, Louisiana, this 13th day of February, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE